UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIANO DIAZ,                                )
          Petitioner,            )
                                 )
          v.                     )        C.A. No. 13-11341-NMG
                                 )
WARDEN JEFFREY GRONDOLSKY,                    )
          Respondent.            )

MEMORANDUM AND ORDER

GORTON, D.J.

    For the reasons stated below, the Court <u>DENIES</u> the petition under 28 U.S.C. § 2241 ("§ 2241") for a writ of habeas corpus, and <u>DISMISSES</u> this action in its entirety, including any claims based on petitioner's conditions of confinement.

BACKGROUND

    On May 30, 2013, petitioner Mariano Diaz  ("Diaz"), a prisoner incarcerated at FMC Devens, filed a self-prepared petition under § 2241 for a writ of habeas corpus.  Diaz challenges his criminal sentence imposed in the Southern District of Texas (Houston).  <u>See</u> <u>United States</u> v. <u>Diaz</u>, 4:11-cr-00130-1 (SL).

    The background of his criminal case and subsequent proceedings has been summarized by this and other courts.  Culling out the recitations from those opinions, the salient history is as follows.

I.    <u>The Criminal Case: United States v. Diaz</u>

    On March 28, 2011, Diaz pled guilty to illegal reentry into the United States.  On June 9, 2011, he was sentenced to a term of imprisonment of 96 months, with three years of supervised release.  He filed an appeal in the United States Court of Appeals for the Fifth Circuit.  <u>See</u>

United States v. Diaz, No. 11-20441 (5th Cir. 2011).  That appeal was dismissed on February 17,

2012, as frivolous.  Mandate issued on March 12, 2012.

II.      The Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255

On June 21, 2012, Diaz filed a Motion to Vacate sentence pursuant to 28 U.S.C. § 2255

("§ 2255").  See Diaz v. United States, 4:12-cv-01867.  He asserted, *inter alia*, that his trial

counsel was ineffective because he failed to challenge the Government's use of a prior felony

drug conviction, as set forth in paragraph 18 of the Presentence Report ("PSR").  That drug

conviction was used to support a 16-level sentence enhancement.  Diaz contended that the prior

drug conviction did not qualify as a drug trafficking offense.

On August 16, 2012, Judge Sim Lake issued an Order (Docket No. 54) rejecting Diaz's

arguments and denying the § 2255 motion.  Judge Lake found that counsel's performance was

not deficient nor prejudicial, and that the claim that Diaz had repeatedly told his counsel that he

was not convicted of the drug trafficking felony was belied by Diaz's statements under oath at

his re-arraignment.

III.     Subsequent Motions Challenging Sentence

After the denial of his § 2255 motion, Diaz filed a number of other motions in his

criminal case requesting relief.  These included: a Motion for Summary Judgment (Docket No.

56), a Motion for Relief from Final Order (Docket No. 57), a Motion to File Answer (Docket No.

58), a Motion for Relief of from Final order and to File an Answer (Docket No. 59), two Motions

for Appointment of Counsel (Docket Nos. 61 and 63), and a document stating that the Court

should allow Amendment of the Original 60(b) Motion on File to Include the Clarified Claims

set Forth in the Proposed Amendment (Docket No. 64).  Those motions still are pending in the

Southern District of Texas.

IV.    The Instant Habeas Petition

      The instant petition is not entirely intelligible.  From what can be gleaned, Diaz alleges constitutional violations with respect to his sentence.   He contends that he has been incarcerated more than 13 months over the sentence that should have been imposed.  He further contends that he should have been given a 10 to 16 month sentence.  He again asserts that the 16 point enhancement he received violated the Sentencing Guidelines, and argues that the sentencing judge was without jurisdiction to impose the enhanced sentence.  He seeks immediate release on the grounds that his custody is in violation of the law and Constitution, and argues that habeas relief is appropriate under the Suspension Clause.   He attaches to his petition portions of the U.S. Sentencing Guidelines Manual, with yellow highlighted portions and handwritten notations.

      As an additional matter, Diaz makes a general allegation that his conditions of incarceration and treatment in prison are different than other inmates in similar situations.

      Diaz did not pay the $5.00 filing fee for this habeas petition, nor did he seek a waiver of the filing fee.  On June 4, 2013, a Procedural Order (Docket No. 3) issued, directing Diaz either to pay the $5.00 filing fee or file a Motion for Leave to Proceed *in forma pauperis*.  On June 20, 2013, Diaz filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 5), which this Court later denied.  See Order (Docket No. 6).  Thereafter, on July 19, 2013, Diaz paid the $5.00 filing fee.

DISCUSSION

I.    Screening of the Petition

      Diaz's petition has not been served so that the Court may review the petition to determine whether the respondent should be required to reply to the petition.  See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant

. . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).  The Court liberally construes the petition because Diaz is proceeding *pro se.* Nevertheless, Diaz is not entitled to § 2241 habeas relief, for the following reasons.

II.    <u>Diaz May Not Bring a § 2241 Petition To Challenge His Sentence</u>

A prisoner seeking to collaterally attack his sentence must assert his claim primarily through a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 before the sentencing court rather than a § 2241 habeas petition in the district in which he is incarcerated.[1] <u>See</u> <u>United States</u> v. <u>Barrett</u>,178 F.3d 34, 50 n.10 (1st Cir. 1999)  <u>cert.</u> <u>denied</u>, 528 U.S. 1176 (2000); <u>Rogers</u> v. <u>United States</u>, 180 F.3d 349, 357 n.15 (1st Cir. 1999) <u>cert.</u> <u>denied</u>, 528 U.S. 1126 (2000) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

In this case, it is clear that § 2255 relief is not available to Diaz, as his prior attempts at such relief (in various forms) have been unavailing.  He likely is aware that this avenue of relief is foreclosed to him, and now seeks to assert yet another challenge to his sentence through a § 2241 habeas petition, presumably under the aegis of the "savings clause" of § 2255.  The savings clause states, in relevant part:

---

[1]While both provisions of § 2241 and § 2255 authorize challenges to the legality of Diaz's continued federal custody, "[i]t is well established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." <u>Coady</u> v. <u>Vaughn</u>, 251 F.3d 480, 484 (3d Cir. 2001) (comparing § 2241 and § 2254 habeas challenges), <u>citing</u> <u>Edmond</u> v. <u>United States</u>, 520 U.S. 651, 657 (1997); <u>Preiser</u> v. <u>Rodriguez</u>, 411 U.S. 475, 488-489 (1973).  The rationale behind this is that under general circumstances, the use of a § 2241 petition rather than a § 2255 motion would serve to circumvent Congress's intent to restrict the availability of second and successive petitions and/or the time limitations for filing a § 2255 motion.  <u>Coady</u>, 251 F.3d at 484-485.  Moreover, § 2255 gives the court more flexibility in fashioning a remedy than a habeas writ.  <u>In Re Hanserd</u>, 123 F.3d 922, 925 (6th Cir. 1997).  Another consideration is that "...inter-district comity and practicality suggest that the original sentencing court is better positioned to reevaluate a federal prisoner's conviction and sentence."  <u>In Re Hansferd</u>, 123 F.3d at 925.

> An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255(e).

A § 2255 motion is not "inadequate or ineffective" merely because a petitioner cannot meet the second or successive requirements.  See Barrett, 178 F.3d 50.[2]  Courts only allow recourse to this savings clause "in rare and exceptional circumstances," such as those where the restrictions on § 2255 motions would result in a "complete miscarriage of justice."  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).  "Most courts have required a credible allegation of actual innocence to access the savings clause."  Id.; see also Barrett, 178 F.3d at 52-53 (discussing availability of

---

[2]See also, Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (savings clause applies to claims based on a retroactively applicable Supreme Court decisions which establish petitioner may have been convicted of a nonexistent offense and to claims foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000) (the savings clause has most often been used where a Supreme Court decision has overruled the circuit courts as to the meaning of a statute, and the prisoner asserts he is not guilty within the new meaning of the statute); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir.  2000) (savings clause does not apply merely because § 2255 relief has already been denied...., or because petitioner has been denied permission to file a second or successive §2255 motion..., or because a second or successive § 2255 motion has been dismissed..., or because the one year statute of limitations expired).   Although the United States Court of Appeals for the First Circuit has not fully defined all of the circumstances that might allow a federal prisoner to utilize § 2241 to challenge his detention, the savings clause is to be narrowly interpreted and is very limited in scope.  It may only be invoked on rare occasions and under the most exceptional circumstances.  See Barrett, 178 F.3d at 38.  The limited purpose of the savings clause is to allow a petitioner to make a claim based on "actual innocence" (i.e. factual innocence) that would otherwise be barred by § 2255, or where a circuit court's meaning of a statute has been overruled by the Supreme Court.  See Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Jaramillo v. Winn, 2002 WL 1424579 (D. Mass. 2002).

§ 2241 where a petitioner claims "actual innocence").[3]  Further, it is well settled that a petitioner

like Diaz, who has exhausted his § 2255 avenues, cannot use the "savings clause" to circumvent

the restrictions of § 2255 (such as the restriction on filing second and successive motions absent

permission of the appellate court, or the time restrictions on filing) by filing a motion under

§ 2241 instead.  See Barrett, 178 F.3d at 50-52 (permitting a petitioner to evade the restrictions

of § 2255 by resorting to § 2241 would render those restrictions meaningless); Cannon v. United

States, 2007 WL 1437704, at *3 (D. R.I. 2007).

Here, Diaz's attempt to obtain § 2241 relief that he could not otherwise obtain under

§ 2255 is to no avail.  Under the facts and circumstances underlying this case, this Court does not

find that Diaz has put forth any exceptional circumstances in this case and/or that there will be a

complete miscarriage of justice should § 2241 habeas relief not be granted.  Diaz raises purely

legal challenges to his sentence.  These are not the type of challenges that can overcome the

narrow exception of the savings clause, and which, in any event, already have been raised or

could have been raised in earlier proceedings.  See Elwell v. United States, 1996 WL 516138, at

*4 (1st Cir. 1996) (unpublished) (noting that a petitioner is "not entitled to collateral review to

relitigate issues raised on direct appeal, absent an intervening change in law") (citing Davis v.

United States, 417 U.S. 333, 342 (1974)); Singleton v. United States, 26 F.3d 233, 240

(1st Cir. 1994).  He has presented no new discernible factual circumstances nor put forth any

relevant legal authority from which this Court reasonably could conclude that § 2255 is an

---

[3]See Glacken v. Dickhaut, 585 F.3d 547, 550 (1st Cir. 2009) ("The default may be excused only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or else demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice" and noting that the miscarriage of justice exception is a "'narrow exception to the cause and prejudice imperative seldom to be used, and explicitly tied to a showing of actual innocence.'" quoting Burks v. Dubois, 55 F.3d 712 (1st Cir.1995)).

inadequate or ineffective remedy to test the legality of his detention.  Moreover, Diaz presents no claim of actual (factual) innocence of the crime of which he was convicted; he only challenges his sentence).

Notably, this Court has considered that judges of this Court and the First Circuit have held that purely legal challenges (*i.e.,* challenges to the constitutional validity of a sentence as opposed to factual, actual innocence challenges to a conviction) may not be raised in the § 2241 arena through the savings clause of § 2255.[4]  Diaz's claim of improper sentence calculation is, in legal, effect, a § 2255 motion "masquerading" in the guise of a § 2241 petition.

Accordingly, this Court lacks jurisdiction to entertain Diaz's § 2241 petition.  <u>See Heredia</u> v. <u>Grondolsky</u>, 2012 WL 5932061 (D. Mass. 2012) (stating: "[T]he Court finds that the instant case seeks Section 2255 relief through a Section 2241 petition, and that Section 2255 is not an inadequate or ineffective remedy to test the legality of petitioner's detention.  Consequently, this Court lacks jurisdiction to consider petitioner's habeas challenges under Section 2241").  <u>See also Owens</u> v. <u>Jett</u>, 2011 WL 4860171, *3 (D. Minn. 2011) (court lacks jurisdiction over § 2241 petition unless petitioner shows that the § 2255 remedy is inadequate or ineffective).

In light of the above, Diaz's § 2241 habeas petition will be <u>DENIED</u> and this action shall be <u>DISMISSED</u>.  Should Diaz seek to assert challenges to his criminal sentence, he must first obtain permission to bring a second or successive § 2255 motion from the appropriate court of

---

[4]<u>See, e.g.</u>, <u>Burgess</u> v. <u>Sabol</u>, No. 2308 (1st Cir. 2011) (arguments that challenge the validity, rather than the execution of his sentence, were not subject to review in a § 2241 proceeding);  <u>Bultmeyer</u> v. <u>Grondolsky,</u> C.A. 13-40028-RWZ; <u>Black</u> v. <u>Sabol</u>, C.A. 07-40309-RGS <u>aff'd</u>  <u>Black</u> v. <u>Winn</u>, No. 04-2712 (1st Cir. 2005); <u>Black</u> v. <u>Winn</u>, C.A. 05-40150-NG.  <u>See also</u> <u>Bratt</u> v. <u>United States</u>, C.A. 08-40018-NMG; and <u>Cardona v. United States of America</u>, C.A. 07-40253-DPW.

appeals.[5]

III.     A Habeas Petition May Not Be Brought to Challenge Conditions of Confinement

As a final matter, included in the petition is Diaz's bald and unformed allegation that his

prison conditions are not the same as other similarly situated inmates.  He does not state with any

specificity the nature of the adverse conditions.  In any event, as a general matter, habeas corpus

proceedings are the proper mechanism for challenging the "legality or duration" of confinement.

By contrast, a non-habeas civil action is the proper method of challenging conditions of

confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 484-499 (1973);  See also Allen v.

McCurry, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to

redress civil injury, but to release the applicant from unlawful physical confinement.");Graham

v. Broglin, 922 F.2d 379, 381 (7th Cir.1991) ("[i]f the prisoner is seeking what can

fairly be described as a quantum change in the level of custody ... then habeas corpus is his

remedy," while "if he is seeking a different program or location or environment, then he is

challenging the conditions rather than the fact of his confinement and his remedy is under civil

rights law.");  Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011) ("[W]e'll adhere to our

long-standing view that habeas corpus is not a permissible route for challenging prison

conditions.").[6]  Judges of this Court also have held that conditions of confinement claims that do

---

[5]Section 2255 provides restrictions on the ability to bring second or successive petitions
in the district court, and requires that "[a] second or successive petition must be certified as
provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255.

[6]There are a number of significant differences between habeas actions and civil (non-
habeas) actions.  For instance, the filing fee in habeas actions is $5.00.  The filing fee in civil
actions is $350.00 (plus a $50.00 administrative fee that is not imposed on prisoners proceeding
in forma pauperis).  The filing fee in habeas actions may be waived; however, under the Prison
Litigation Reform Act, a prisoner is obligated to pay the full filing fee, albeit this may be done
through installments from the prisoner's trust account.  Additionally, there is no jury trial in
habeas actions, while there may be a right to a jury trial in civil actions.  Further, the three strikes

not impact of the legality or duration of confinement may not be brought through a habeas

petition.  See, e.g., Crooker v. Grondolsky, Civil Action No. 12-12106-GAO.  In light of this,

Diaz's § 2241 petition is not the proper vehicle for challenging his conditions of confinement.

Accordingly, his claims challenging conditions of confinement and unequal treatment will be

DISMISSED without prejudice.

CONCLUSION

Based on the foregoing it is hereby Ordered that:

1.      Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED;

2.      Petitioner's claims challenging conditions of confinement are DISMISSED; and

3.      This action is DISMISSED it its entirety.


SO ORDERED.

                                        /s/ Nathaniel M. Gorton
                                        NATHANIEL M. GORTON
                                        UNITED STATES DISTRICT JUDGE


DATED: July 24, 2013

---

rule of 28 U.S.C. § 1915(g) does not apply to habeas petitions, but does apply to civil actions.
Finally, counsel may be appointed and paid in habeas cases pursuant to the Criminal Justice Act;
however, this does not apply to civil cases, where only non-paid *pro bono* counsel may be
appointed.